UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL ALVARADO,<br><br>          Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Case No.: 3:16-cv-01859-BEN<br>      3:13-cr-01128-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

  Movant, Raul Alvarado, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States, filed a response, opposing the motion. For the reasons set forth below, this Court **DENIES** the Motion.

## BACKGROUND

  On June 13, 2013, Movant waived indictment and was charged by a criminal information with one count of conspiracy to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846. (Docket Nos. 222, 223).[1] Movant entered a plea agreement with Respondent, in which he "waive[d], to the

---

[1] All docket citations refer to the criminal case docket, No. 13-cr-1128.

1

full extent of the law, any right to appeal or to collaterally attack the conviction and sentence . . . unless the Court impose[d] a custodial sentence above the greater of the high end of the guideline range recommended by the United States." (Docket No. 227). Movant thereafter pleaded guilty and came before this Court for sentencing. (Docket No. 225, 239). The Government recommended 235 months in custody as the high end of the guideline range. (Docket No. 316). This Court sentenced Movant below the Government's high end recommendation. It imposed a 188 month custodial sentence and a period of supervised release of ten years. (Docket No. 384).

Almost three years after his sentencing, Movant filed the instant motion. (Docket No. 823). He asserts two grounds for relief. First, he contends that he is serving an illegal sentence based on the U.S. Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Second, he contends that three of his prior felony convictions have been reduced to misdemeanors under California law, thus making him ineligible for a sentencing enhancement as a career offender.

## LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).

## DISCUSSION[2]

Movant's motion fails because he validly waived his right to collaterally attack his

---

[2] The Court determines there is no need for an evidentiary hearing.

2

sentence. The record discloses no issues as to the voluntariness of Movant's plea. And, contrary to his contentions, his sentence was not unconstitutionally enhanced under *Johnson*. *Johnson* considered language in the Armed Career Criminal Act ("ACCA"). The ACCA imposes a mandatory minimum sentence of 15 years for a defendant who violates 18 U.S.C. § 922(g) and "has three previous convictions by any court . . . for a violent felony or serious drug offense, or both." 18 U.S.C. § 924(e)(1). The Supreme Court examined the definition of "violent felony" and held that a portion of that definition known as the "residual clause" is void for vagueness. Imposing an increased sentence under the residual clause of the definition of "violent felony" violates the Constitution's guarantee of due process. 135 S. Ct. at 2563. The Supreme Court expressly confined its holding to this particular portion of the statute and confirmed that its holding does not apply to the "serious drug offense" clause or the remainder of the "violent felony" definition. *Id.*

But *Johnson* is not applicable because Movant was not sentenced under the residual clause of the violent felony definition of the ACCA. *See United States v. Ruiz-Diaz*, 668 F. App'x 289, 290 (9th Cir. 2016) ("Because the [sentencing] enhancement was not predicated on a residual clause like the one struck down in *Johnson*, there is no arguable issue as to whether [defendant's] sentence is illegal."). Rather, his sentencing enhancements were based on his multiple convictions for drug-related crimes. (*See* Presentence Report ¶¶ 42-56). Thus, the Court enforces the collateral attack waiver. *Ruiz-Diaz*, 668 F. App'x at 290 (citing *United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009)).

Alternatively, Movant's motion is denied on the merits. As noted above, the Court rejects Movant's first argument that his sentence is illegal under *Johnson*. Movant's second ground for relief argues that California's passage of Proposition 47 reduced three of his prior drug-related offenses from felonies to misdemeanors. He contends that he can no longer be considered a career offender due to the reclassification and must be resentenced. Movant is incorrect. The Ninth Circuit's holding in *United States v. Diaz*,

3

3:16-cv-01859-BEN
3:13-cr-01128-BEN

838 F.3d 968, 975 (9th Cir. 2016), forecloses his argument. In *Diaz*, the Ninth Circuit held that "Proposition 47 . . . does not undermine a prior conviction's felony-status for purposes of § 841. California's later actions cannot change the fact that [the defendant] committed his federal offense 'after two or more convictions for a felony drug offense [had] become final.'" *Id.* Regardless of the treatment of Movant's prior convictions now, "Proposition 47 does not change the historical fact" that Movant had two or more prior felony drug convictions at the time of his sentencing.

## CONCLUSION

The Motion to Vacate, Set Aside, or Correct Sentence is **DENIED.**

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated: September 27, 2017

_____
Hon. Roger T. Benitez
United States District Judge